IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-692-BO

BILLY S. McLAWHORN, individually and )
on behalf of all others similarly situated, )
 )
    Plaintiff, )
 )  **ORDER**
v. )
 )
COUNTY OF WAYNE, NORTH CAROLINA, )
and WAYNE COUNTY BOARD OF )
COMMISSIONERS, )
 )
    Defendants. )

This matter is before the Court on plaintiff's motion for order approving sending of notice to putative class members [DE 34]. The motion is ripe for adjudication. For the reasons stated herein, the motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff alleges that he is an emergency medical technician ("EMT") and that defendants are local government entities who employ EMT. Plaintiff further claims that defendants violated provisions of the Fair Labor Standards Act of 1983 ("FLSA") with regards to providing compensation for him while he was an EMT. Specifically, plaintiff claims that defendants willfully failed to pay him and his coworkers at a rate of one and one half times their regular rate of pay for each hour worked in a workweek in excess of forty hours per week. Plaintiff alleges that defendant paid him and his coworkers pursuant to the fire protection exemption contained in the FLSA despite plaintiff and his coworkers not qualifying under that exemption. Further, plaintiff alleges that he and his similarly situated coworkers were not paid for hours spent

attending continuing education and that sick time was improperly paid. Plaintiff seeks to bring his action as a class against defendants.

## DISCUSSION

The named plaintiff has requested conditional certification of the collective action and to send Court-approved notice to putative members of the collective action pursuant to 29 U.S.C. § 216(b). The named plaintiff proposes the following persons receive notice and the opportunity to join the action:

> All employees and former employees of County of Wayne, North Carolina who have been employed by or received payment from County of Wayne, North Carolina as emergency medical technicians and/or paramedics after 1 October 2010

[DE 34 at 6].

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative class members must satisfy two requirements: (1) the members of the putative class must establish that they are "similarly situated," and (2), the members of the putative class must affirmatively consent to the named plaintiff's class representation. 29 U.S.C. § 216(b); *Felix de Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 662 (E.D. Pa. 2001) ("The only two requirements for maintaining a representative action under the FLSA are that class members be similarly situated and that each member file a consent to joining the action"). This Court has previously found the two-step approach to determining whether putative class members are "similarly situated" to be "rational, fair, and supported by sufficient persuasive case law" and therefore applies it here. *Ceras-Campo v. WF P'ship*, 2011 U.S. Dist. LEXIS 12688, *5–6 (E.D.N.C. Feb. 9, 2011).

2

At the first stage of the process, the Court "determines – usually based solely on the pleadings and any affidavits that have been submitted – whether notice of the action should be given to potential class members." *Id.* at *6 (citing *Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). At this stage, this is a lenient standard that only requires "a modest factual showing sufficient to demonstrate that they and potential plaintiff together were victims of a common policy or plan that violated the law." *Ceras-Campo*, U.S. Dist. LEXIS 12688, at *6 (citing *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005). "This burden is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Ceras-Campo*, U.S. Dist. LEXIS 12688, at*6 (quotation omitted).

Defendant argues that the named plaintiff has failed to meet even this low burden. Defendant first argues that plaintiff has failed to show that there are others similarly situated in large part because the named plaintiff has failed to produce any sort of affidavit from one of his co-workers who was similarly affected. The remainder of defendant's attack on plaintiff's quest for conditional certification is premised on an argument on the merits of the case. In short, defendant avers that it can produce evidence (which it does file with the Court), that shows that no employee, *including the named plaintiff*, was improperly paid pursuant to the fire protection exemption contained in the FLSA. Instead, defendant argues, plaintiff and his co-workers were properly paid pursuant to a lawful fluctuating workweek system. Therefore, defendant states that plaintiff cannot show that he or anyone else was the victim of a common scheme or plan that *violated the law*.

3

This argument is appropriate for a dispositive motion, but cannot form the basis of this Court's decision on this matter.[1] *Ceras-Campo*, U.S. Dist. LEXIS 12688, at *5–6. However, the Court notes that defendant has filed a motion for summary judgment on this issue and that it would be a waste of judicial resources and the resources of the parties for the Court to conditionally certify putative plaintiffs and allow for notice to be sent to them before potentially granting summary judgment in favor of defendant. Therefore, in its discretion and in the interest of preserving judicial resources, the Court denies plaintiff's motion to approve the sending of notice to putative class members without prejudice to its being refiled after the Court rules on the pending motion for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is DENIED WITHOUT PREJUDICE to its being refiled after this Court's ruling on the pending motion for summary judgment.

SO ORDERED. This the ___7___ day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court specifically rejects the reasoning in *Amendola v. Bristol-Meyers Squibb Co.*, 558 F. Supp. 2d (S.D.N.Y. 2008), requiring an analysis of the parties' likelihood of success on the merits in denying conditional FLSA certification in light of the Second Circuit's rejection of that standard. *Lloyd v. J.P. Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 129102, *13 n.6 (S.D.N.Y. Sept. 9, 2013).

4

Case 5:13-cv-00692-BO   Document 44   Filed 11/07/14   Page 4 of 4