IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-692-BO

| | |
|---|---|
| BILLY S. McLAWHORN, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) COUNTY OF WAYNE, NORTH CAROLINA, ) and WAYNE COUNTY BOARD OF ) COMMISSIONERS, ) ) Defendants. ) | **ORDER** |

This matter is before the Court on defendant's Motion for Summary Judgment. [DE 40], Plaintiff has responded [DE 44], defendant replied, [DE 46] and the matter is ripe for adjudication. For the reasons stated herein, defendant's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff's complaint alleges that he is an emergency medical technician (EMT) and that defendants are local government entities who employ EMTs. Plaintiff further claims that defendants violated provisions of the Fair Labor Standards Act of 1983 (FLSA) with regards to providing compensation for him while he was an EMT. Specifically, plaintiff claims that defendants willfully failed to pay him at a rate of one and one half times their regular rate of pay for each hour worked in a workweek in excess of forty hours per week, instead paying him pursuant to the fire protection exemption contained in the FLSA despite the fact that plaintiff did

not qualify under that exemption. Further, plaintiff alleges that he was not paid for hours spent attending continuing education and also that sick time was improperly paid.

In February 2014, the Court dismissed plaintiff's claims as to the Wayne County Board of Commissioners, leaving only Wayne County remaining as a defendant. Subsequently, plaintiff filed a motion for leave to file an amended class action complaint, which the Court granted in part in July 2014, thereby allowing plaintiff to amend the complaint to include prospective class members who were employed by defendant within the three years prior to October 3, 2013

## DISCUSSION

Wayne County now seeks summary judgment in its favor on plaintiff's claim that Wayne County violated the FLSA by impermissibly paying plaintiff pursuant to the fire protection exemption contained in 29 U.S.C. §§ 207(k) and 553. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). Once the moving party makes the necessary showing, the opposing party must come forward and produce evidentiary facts to support its contentions. *Barwick v. Celotex Corp.* 736 F.2d 946, 958 (4th Cir. 1984). "[A] party opposing a properly supported Motion for Summary Judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific acts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Id.* at 248; *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences 'in the light most favorable' to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted).

2

In both his original and amended complaint, plaintiff claims that Wayne County paid him pursuant to the aforementioned fire protection exemption. Wayne County has made a preliminary showing via an affidavit that it did not pay plaintiff pursuant to the fire protection exemption, but instead paid plaintiff pursuant to the fluctuating workweek provisions laid out in 29 C.F.R. § 778.114. [DE 41–1]. In his response, plaintiff does not dispute defendant's evidence that he was paid pursuant to the fluctuating workweek provisions. Instead, plaintiff argues that there is a genuine issue of material fact as to whether he was compensated at a rate lower than the applicable minimum wage through application of the fluctuating workweek provisions. [DE 45]. Unfortunately for plaintiff, his complaint does not allege violations of FLSA via the fluctuating workweek provisions. As plaintiff has not produced any evidence in response to defendant's showing that plaintiff was not paid pursuant to the fire protection exemption, summary judgment in favor of defendant on plaintiff's claims regarding pay pursuant to the fire protection exemption is appropriate.

Plaintiff also alleges that Wayne County failed to pay him for sick time and time spent on continuing education. Defendant argues that summary judgment on these claims is appropriate because "Plaintiff has not produced any evidence that shows that Wayne County failed to pay Plaintiff for sick time and continuing education." [DE 46 at 4]. Only where a party opposes a "*properly* supported motion for summary judgment," however, must the party "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (emphasis added). Here, Wayne County has put forth no evidence whatsoever that counters plaintiff's claims regarding sick time and continuing education. All of defendant's supporting materials relate to plaintiff's fire protection exemption claim. Accordingly, defendant has failed to meet its burden to show that no genuine issue of material fact exists as to plaintiff's claims that defendant

3

failed to pay for sick time and continuing education, and denial of summary judgment on these claims is appropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED IN PART as to plaintiff's claim that defendant failed to pay plaintiff pursuant to the fire protection exemption contained in 29 U.S.C. § 207(k) and 29 C.F.R. § 553 and DENIED IN PART as to plaintiff's claims that defendant failed to pay plaintiff for sick time and continuing education.

SO ORDERED, this 19 day of February, 2015

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE